**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **H.T. CAIN** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:07CV71 LG-JMR** |
| | § | |
| **UNITED STATES FIRE INS. CO.** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is the Motion for Summary Judgment [75] filed by the Defendant, United States Fire Insurance Company. Plaintiff Cain has filed his response, and U.S. Fire has replied. U.S. Fire contends that Cain failed to fulfill a contractual condition precedent to filing this lawsuit, therefore precluding Plaintiff from recovering under the insurance contract. After due consideration of the parties' submissions and the relevant law, it is the Court's opinion that U.S. Fire has failed to show that it is entitled to judgment as a matter of law. The Motion will therefore be denied.

DISCUSSION

Plaintiff Cain filed this lawsuit to obtain benefits under his commercial property insurance policy issued by Defendant U.S. Fire. The policy covered commercial buildings and personal property at ten separate locations in coastal Mississippi. After Hurricane Katrina caused extensive damage to the insured property, Cain sought the full policy limits of $7.5 million. U.S. Fire paid only $780,612.99. Unsatisfied with this result, Cain filed this lawsuit on January 25, 2007. Since the suit was filed, the parties have complied with the scheduling order entered by the Court. They engaged in substantial discovery and fully briefed a motion for partial summary judgment that was ruled on by the Court in January 2008. Ct. R. 57. Thereafter, the parties were ordered to mediation, (Ct. R. 62), but were unsuccessful in resolving the dispute.

U.S. Fire now moves for summary judgment asserting its affirmative defense that Cain did not comply with a provision of the policy requiring him to submit to an examination under oath before filing suit.  Specifically, the provision states that in the event of loss or damage:

> We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records.  In the event of an examination, an insured's answers must be signed.

Ct. R. 75-2 p. 26.  "Full compliance" with this provision was a condition precedent to the initiation of legal action against U.S. Fire in regard to the policy of insurance.  Ct. R. 75-2 p. 31.

Cain asserts that he has complied with the requirement for an examination under oath.  He submitted to an examination on May 1, 2006, and he was conditionally released by counsel for U.S. Fire: "We adjourn you, Mr. Cain.  We're reserving the right to bring you back if one of these other witnesses say I don't know the answer, Mr. Cain knows the answer."  Ct. R. 75-5 p. 16. After this statement, questioning of Cain's public adjustor commenced.  *Id*.  Throughout the examination, counsel made numerous references to resolving the matter informally, without the necessity of continuing with the examination.  Finally, the parties agreed that the adjustors would meet and attempt to reach a resolution of the remaining issues.  *Id*. at 53-58.  The parties also agreed that they would arrange a date for continuation of the examination within the following thirty days, but "hopefully, that will not be necessary."  *Id*. at 63.

It appears that the parties then engaged in informal investigation and negotiation.  When they were unable to resolve the claim, they attempted to schedule a continuation of the examination.  For various reasons, they were unable to find a date when all involved could attend.  The parties were still discussing rescheduling the examination in December 2006, shortly before Cain filed suit in January 2007.  *See* Ct. R. 75-12.

-2-

The Mississippi Supreme Court has upheld insurance policy provisions requiring examinations under oath as "reasonable and valid." *See, e.g., Archie v. State Farm Fire & Cas. Co.*, 813 F.Supp. 1208, 1212 (S.D. Miss. 1992); *Mooney*, 733 So. 2d at 806; *Allison v. State Farm Fire & Cas. Co.*, 543 So. 2d 661, 663 (Miss. 1989). An insured's failure to submit to an examination under oath or failure to respond to material questions during an examination under oath is a breach of a condition precedent that renders the insurance policy void as a matter of law. *See United States Fid. & Guar. Co. v. Wigginton*, 964 F.2d 487, 490 (5th Cir. 1992) (citing *Saucier v. United States Fid. & Guar. Co.*, 765 F. Supp. 334 (S.D.Miss. 1991)); *see also Archie*, 813 F.Supp. at 1212.

The absence of a willful refusal to comply distinguishes this cases from the cases relied upon by U.S. Fire. For example, in *U.S. Fidelity and Guaranty Company v. Conaway*, 674 F. Supp. 1270 (N.D. Miss. 1987), the insured refused to answer questions regarding his financial condition or provide financial documents. Similarly, in *Southern Pilot Insurance Company v. Brewer*, 125 F. 3d 852 (5th Cir. 1997), the insured did not cooperate in the examination under oath or provide financial documents. Those circumstances do not exist in this case. Instead, the evidence tends to demonstrate that Cain and his public adjustor did sit for an examination under oath. Cain cooperated in attempts to schedule further examination. The evidence is conflicting as to whether the parties understood that Cain's presence at a continuation of the examination was necessary. Instead, it appears that U.S. Fire only desired to question "those who could explain and justify the insurance claim that has been submitted in behalf of Mr. Cain." Ct. R. 78-4; 78-9 p. 2; 78-11; 78-18.

According to the language of the policy, only an "insured" is required to submit to an examination under oath. H.T. Cain is the only named insured under the policy. Ct. R. 75-2 p. 1.

-3-

Therefore, the policy does not require that others who may have information useful to U.S. Fire submit to an examination under oath. *Monticello Ins. Co. v. Mooney*, 733 So. 2d 802, 806 (Miss. 1999).   Furthermore, it does not appear that the actual completion of the requested examinations under oath is a condition precedent to bringing suit under this policy.  All that the policy requires is "full compliance" on the part of the insured before a suit can be filed-- and that fact is at a minimum, in dispute.  Based upon the evidence provided, this Court cannot conclude that Cain has refused to comply with U.S. Fire's request for examination under oath.  At most, the evidence creates a disputed issue of material fact regarding Cain's compliance with the "examination under oath " provisions of the policy.  The Court also finds that other disputed questions of fact, such as the reasonableness of U.S. Fire's request for further examination of Cain and/or others in light of the policy language and the eight months of investigation and negotiation that took place before Cain filed suit, should be considered by the finder of fact before a determination is made regarding Cain's alleged failure to comply with the terms of the insurance contract.  Accordingly, U.S. Fire has failed to show that it is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [75] filed by United States Fire Insurance Company is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 15th day of May, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE